FILED
OCT 17 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ESTER BEST MITCHELL,<br>Individually and as the next best friend of<br>Cleveland McKinney, Jr.<br>3714 Walters Lane<br>Forestville, MD 20747<br><br>Plaintiff,<br><br>v.<br><br>BANNUM PLACE OF WASHINGTON, DC Inc.<br>2210 Adams Place, N.E.<br>Washington, DC<br><br>and<br><br>DAVID ALAN LOWRY<br>277 Woodlake Wind<br>Oldsmar, FL<br><br>and<br><br>ARNOLD RAY RICH<br>36 Sunset Bay Drive<br>Belleair, FL 33756-1643<br><br>and<br><br>JOHN DAVID RICH<br>34 Sunset Bay Drive<br>Belleair, FL 33756-1643<br><br>Defendants. | * * * * * * * * * * * * * * * * * * * * |

Case: 1:07-cv-01870
Assigned To : Collyer, Rosemary M.
Assign. Date : 10/17/2007
Description: Civil Rights-Non-Employ.

## COMPLAINT
(Wrongful Death Act; Survival Act; Civil Rights-42 U.S.C. § 1983;
Negligent Supervision ; Negligent Infliction of Emotional Distress)

### INTRODUCTION

1. This is a civil action brought pursuant to 42 U.S.C. Section 1983 seeking damages against the defendants for committing acts under color of law which deprived plaintiff of rights secured under the Constitution and laws of the United States and the District of Columbia.

2. In addition, it is a civil action seeking damages against the defendants for intentional

wrongdoing and acts of negligence under common law.

## JURISDICTION

3. Jurisdiction exists in this case pursuant to the Eighth and Fifth Amendments to the Constitution, and under 42 U.S.C. § 1983, 28 U.S.C. § 1331, 28 U.S.C. § 1343 and under D.C. Code § 11-921 (1981).

## PARTIES

4. Plaintiff, Ester Best Mitchell, was at all times relevant herein, a resident of the state of Maryland and is the mother of Cleveland McKinney, Jr., the decedent, and the personal representative of his estate.

5. Defendant Bannum Place of Washington, DC Inc. ("Bannum") is a District of Columbia Corporation which had its principal place of business in the District of Columbia prior to having its status revoked on September 11, 2006. At all times relevant herein, Bannum operated a Community Corrections Center ("halfway house") in the District of Columbia at 2210 Adams Place, NE.

6. Defendant Lowry was at all times relevant herein the Executive Director and part owner of Bannum and was responsible for the day to day operations of defendant Bannum. He is being sued in his individual capacity.

7. Defendant Arnold Rich was at all times relevant herein the Chief Executive Officer, and Chairman of the Board of Bannum and its majority owner. He is being sued in his individual capacity.

8. Defendant John Rich was at all times relevant herein the President, and General Counsel of Bannum as well as its part owner. He is being sued in his individual capacity.

## STATEMENTS OF FACTS

9. On or about June 29, 2005, the decedent, Cleveland McKinney, Jr., was a resident/inmate at the Bannum Place Facility in Northeast Washington, D.C. which was owned and operated by the defendants. He had been transferred to this facility by the Bureau of Prisons

("BOP") in anticipation of his pending release from custody and reentry into society.

10. The defendants operate approximately seventeen (17) Community Corrections Centers ("CCCs") throughout the United States pursuant to contracts with the BOP in several states throughout the country, including but not limited to Florida, North Carolina, South Carolina, West Virginia, Alabama, Mississippi, Georgia, Nevada, Texas and the District of Columbia.

11. On or about March 24, 2000 and April 3, 2000, respectively, the defendants received Requests for Proposals ("RFP") No. 200-0593-MA and No. 200-06-04-MA, from the BOP for CCC services in the Washington, D.C. area. The RFPs called for a firm fixed-unit price requirements contract for said CCC services, and estimated a need for three hundred thirty (330) beds in total.

12. In responding to said RFPs, the defendants formulated a "bid proposal" for submission to the BOP on a competitive basis against other government contractors, in which the defendants were required to find a suitable physical facility that, met, or after renovations would meet, all BOP requirements contained in the Statement of Work ("SOW") for the RFP, as well as stringent life-safety codes, applicable building codes for housing people, and local zoning requirements.

13. The defendants proposed to lease a property located at 2210 Adams Place, NE, Washington, D.C. During October of 2000, they began lease negotiations with the landlord for the use of the property in its proposal to be submitted to the BOP. Thereafter, on or about November 16, 2000, the defendants entered into a "Letter of Intent to Lease" with the landlord to secure the property if Bannum were to be awarded the CCC contract, and eventually entered into a formal lease agreement with the landlord for the property.

14. In addition, the defendants began to meet with local officials in an effort to obtain zoning approval from the District of Columbia for the operation of a CCC. Specifically, the defendants made several contacts, or attempts to contact, various D.C. officials and community leaders in the process of attempting to obtain the needed zoning approval.

15. On or about December 11, 2000, the defendants obtained zoning approval from the

District of Columbia allowing them to use the subject property at 2210 Adams Place, NE for the CCC contract.

16. On or about November 16, 2001, the BOP awarded the contract for CCC services to the defendants. Pursuant to the terms of the Contract, the defendants were to commence performance and operation of the CCC in 2003.

17. Bannum Place, the name given to the property at 2210 Adams Place, is located a few blocks from a shelter for troubled girls and across the street from a day care center for mentally retarded adults and has generated controversy since it obtained zoning approval.

18. The defendants moved in their first residents/inmates in May 2003. In September of that year, the D.C. zoning board noted to overturn the awarding of a building permit for the facility.

19. Defendant Bannum had its status as a corporate entity registered to do business in the District of Columbia revoked in September 2006.

20. In April, 2005, the D.C. Department of Consumer and Regulatory Affairs ("DCRA")revoked the defendant's certificate of occupancy. At the time of the shooting death of plaintiff's decedent in June 2005, Bannum Place was an unlicensed facility that the defendants were nonetheless operating in the District of Columbia.

21. On June 29, 2005, plaintiff's decedent was shot and killed inside Bannum Place. The gunman was able to accomplish this murder because the defendants failed to have properly trained and/or supervised staff on duty and because there were no security and/or accountability measures in place with respect to entering and leaving the facility. In fact, upon information and brief, residents freely entered and exited the facility without restriction in the evening and nighttime.

22. Prior to the shooting death of plaintiff's decedent, the defendants knew that its staff was poorly trained and barely supervised; knew that there was no security in place with respect to entry and exit from the facility; and knew that there was little or no attention paid to the scrutiny of contraband coming into the facility.

23. The defendant's failure to secure the Bannum Place facility constituted gross

negligence. Indeed, the defendants operated the subject facility in direct violation of D.C. law, and as such, should not have been engaged in such operations at Bannum Place at the time of the decedent's death.

## COUNT I
### (Survival Act)

24. Plaintiff incorporates by reference paragraphs 1 through 23 as if fully set forth herein.

25. Pursuant to the Survival Act, D.C. Code § 12-101, the decedent's right of action for wrongful and negligent conduct against defendants survives in favor of plaintiff Ester Best Mitchell, the personal representative of his estate. The plaintiff demands all damages recoverable under the Act including substantial damages for loss of future wages, medical expenses and conscious pain and suffering, as well as any other damages recoverable under the Act.

Wherefore, plaintiff demands judgment against defendant, in the full and fair amount of Five Million Dollars ($5,000,000.00) plus punitive damages to the extent allowed by law, interest and costs.

## COUNT II
### (Wrongful Death)

26. Plaintiff incorporates by reference paragraphs 1 through 23 as if fully set forth herein.

27. Plaintiff's claims under common law negligence are actionable under Wrongful Death Act, D.C. Code § 16-2701.

28. As a direct result of the negligence or wrongful acts of the defendants, plaintiff and the next of kin of the decedent, incurred burial expenses, loss of the pecuniary value of services expected to be performed by the decedent and other damages recoverable under the Act.

Wherefore, plaintiff demands judgment against defendants, jointly and severally, in the full and fair amount of Five Million Dollars ($5,000,000.00) plus punitive damages to the extent allowed by law, interest and costs.

## COUNT III
( Deprivation of civil Rights; Eighth-Amendment-42 U.S.C. § 1983)

29. Plaintiff incorporates by reference paragraphs 1 through 23 as if fully set forth herein.

30. Defendants David Lowry, Arnold Rich and John Rich, acting under color of law and with deliberate indifference to and reckless disregard for the safety and well-being of the residents/inmates transferred to Bannum Place and Cleveland McKinney, Jr., in particular, and in violation of 42 U.S.C. § 1983, did on or about June 29, 2005, allow to be committed acts which deprived Cleveland McKinney, Jr. of his constitutional rights against cruel and unusual punishment.

31. As a direct and proximate result of the actions of the defendants, Cleveland McKinney,Jr., was viciously murdered by an unknown gunman inside of Bannum Place.

32. As a further direct and proximate result of defendant's actions, Cleveland McKinney, Jr., prior to his death and during the attack that led to his death, suffered great physical pain and mental anguish.

WHEREFORE, the plaintiff demands judgement against these defendanst, in the full and just amount of Two Million, Five Hundred Thousand Dollars ($2,500,000.00), plus punitive damages to the extent allowed by law, interest, and costs.

## COUNT IV
(Negligent Supervision)

33. Plaintiff incorporates, by reference, paragraphs 1 through 20, as if fully set forth herein.

34. The defendants owed a duty of care to the residents/inmates transferred to Bannum Place including Cleveland McKinney, Jr., relative to their personal security and application of the District's policies and practices and those generally accepted under federal law and the American Correctional Association.

35. The defendants breached their duty of care by failing to monitor and supervise their staff's activities and condoning conduct by their employees that violated the District's written policies, applicable court orders, the Constitution of the United States, and the generally accepted

standards of the American Correctional Association.

36. As a direct and proximate result of the defendants' negligent supervision of personnel at Bannum Place, plaintiff's decedent was viciously murdered within the confines of Bannum Place. At all times relevant herein, personnel at Bannum Place, who were defendant's agents, were acting under the direction and control of the defendants.

37. The defendants acted negligently, carelessly and recklessly by failing to properly supervise the personnel at Barnum Place and by failing to properly train, supervise, control, direct and monitor their agents in their duties and responsibilities.

WHEREFORE, the plaintiff demands judgement against the defendant, in the full and just amount of Two Million, Five Hundred Thousand Dollars ($2,500,000.00), plus punitive damages to the extent allowed by law, interest, and costs.

### COUNT V
(Negligent Infliction of Emotional Distress)

38. Plaintiff adopts and incorporates the allegations of complaint paragraphs 1 through 23 as if fully set forth herein.

39. Defendants through their agents at Bannum Place, negligently caused severe emotional distress to Cleveland McKinney, Jr., through their negligent, reckless and indifferent conduct, including but not limited to allowing unauthorized contraband and individuals to enter Bannum Place. The defendants' failure to control in any manner the proliferation of weapons and unauthorized individuals in Bannum Place was the proximate cause of the decedent's death.

40. As a direct and proximate result of defendants' extremely negligent, reckless and indifferent conduct, Cleveland McKinney, Jr. Suffered severe pain, emotional distress, and mental anguish as he was being murdered at Bannum Place.

Wherefore, plaintiff demands judgment against defendants, in the full and fair amount of Two Million, Five Hundred Thousand Dollars ($2,500,000.00) plus punitive damages to the extent allowed by law, interest and costs.

Respectfully submitted,

Gregory L. Lattimer, [371926]
1100 H Street, N.W.
Suite 920
Washington, D.C. 20005
(202) 638-0095

Donald M. Temple [408749]
1229 15th Street, N.W.
Washington, D.C. 20005
(202) 628-1101

Attorney for the Plaintiff

By: _____
Gregory L. Lattimer

Jury Trial Requested:

_____
Gregory L. Lattimer

# CIVIL COVER SHEET

JS-44 (Rev.1/05 DC)

**I (a) PLAINTIFFS**
Ester Best Mitchell

**DEFENDANTS**
Bannum Place of Washington, DC Inc., David A. Lowry, Arnold R. Rich and John D. Rich

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** (EXCEPT IN U.S. PLAINTIFF CASES): Prince George's

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** (IN U.S. PLAINTIFF CASES ONLY): DC

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Gregory L. Lattimer
Law Offices of Gregory L. Lattimer
1100 H Street, N.W., Suite 920
Washington, D.C. 20005

Donald M. Temple
1229 15th Street, N.W.
Washington, DC 20005

Case: 1:07-cv-01870
Assigned To : Collyer, Rosemary M.
Assign. Date : 10/17/2007
Description: Civil Rights-Non-Employ.

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)
- 1 U.S. Government Plaintiff
- (x) 3 Federal Question (U.S. Government Not a Party)
- 2 U.S. Government Defendant
- 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | 1 | 1 | Incorporated or Principal Place of Business in This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business in Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**A. Antitrust**
- 410 Antitrust

**B. Personal Injury/Malpractice**
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury
- 362 Medical Malpractice
- 365 Product Liability
- 368 Asbestos Product Liability

**C. Administrative Agency Review**
- 151 Medicare Act

Social Security:
- 861 HIA ((1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g)
- 864 SSID Title XVI
- 865 RSI (405(g))

Other Statutes
- 891 Agricultural Acts
- 892 Economic Stabilization Act
- 893 Environmental Matters
- 894 Energy Allocation Act
- 890 Other Statutory Actions (If Administrative Agency is Involved)

**D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**E. General Civil (Other)** OR **F. Pro Se General Civil**

Real Property
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent, Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

Personal Property
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

Bankruptcy
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

Prisoner Petitions
- 535 Death Penalty
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition

Property Rights
- 820 Copyrights
- 830 Patent
- 840 Trademark

Federal Tax Suits
- 870 Taxes (US plaintiff or defendant
- 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
- 610 Agriculture
- 620 Other Food &Drug
- 625 Drug Related Seizure of Property 21 USC 881
- 630 Liquor Laws
- 640 RR & Truck
- 650 Airline Regs
- 660 Occupational Safety/Health
- 690 Other

Other Statutes
- 400 State Reapportionment
- 430 Banks & Banking
- 450 Commerce/ICC Rates/etc.
- 460 Deportation

- 470 Racketeer Influenced & Corrupt Organizations
- 480 Consumer Credit
- 490 Cable/Satellite TV
- 810 Selective Service
- 850 Securities/Commodities/Exchange
- 875 Customer Challenge 12 USC 3410
- 900 Appeal of fee determination under equal access to Justice
- 950 Constitutionality of State Statutes
- 890 Other Statutory Actions (if not administrative agency review or Privacy Act

(4)