UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ESTER BEST MITCHELL,                :
Individually and as next best friend of    :
Cleveland McKinney, Jr.              :
                                     :
        Plaintiff,                   :
                                     :
    v.                               :   Case No.: 1:07-cv-01870
                                     :   Judge: Rosemary M. Collyer
BANNUM PLACE OF                      :
WASHINGTON, D.C., INC., et al.       :
                                     :
        Defendants.                  :

**MOTION TO DISMISS OR FOR SUMMARY JUDGMENT,
BY DEFENDANT BANNUM PLACE OF WASHINGTON, DC INC.**

Defendant, Bannum Place of Washington, D.C., Inc. ("Bannum Place" or "Defendant"), by and through counsel, CARR MALONEY P.C., and pursuant to Federal Rules of Civil Procedure 12 and 56, hereby files this Motion to Dismiss or for Summary Judgment. As grounds therefor, Defendant refers this Court to the attached Memorandum of Points and Authorities.

Respectfully submitted,

CARR MALONEY P.C.

By:    /s/ Kevin M. Murphy
       Kevin M. Murphy, D.C. Bar #388476
       Ali A. Beydoun, D.C. Bar #475413
       1615 L Street, N.W.
       Suite 500
       Washington, D.C. 20036
       (202) 310-5500 (Telephone)
       (202) 310-5555 (Facsimile)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Defendant's Bannum Place of Washington, D.C., Inc.'s Motion to Dismiss or for Summary Judgment was filed and served electronically, on this 5th day of December, 2007 to:

> Gregory L. Lattimer, Esquire
> 1100 H Street, N.W.
> Suite 920
> Washington, D.C. 20005
>
> Donald M. Temple, Esquire
> 1229 15th Street, N.W.
> Washington, D.C. 20005

> /s/ Kevin M. Murphy
> Kevin M. Murphy

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ESTER BEST MITCHELL,  :
Individually and as next best friend of  :
Cleveland McKinney, Jr.  :
 :
      Plaintiff,  :
 :
v.  :  Case No.: 1:07 –cv-01870
 :  Judge: Rosemary M. Collyer
BANNUM PLACE OF  :
WASHINGTON, DC., INC., et al.  :
 :
      Defendants.  :

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT

### I.   Summary of Argument

Plaintiff has filed this lawsuit, asserting the exact same five counts, and almost identical factual allegations as were asserted by Plaintiff in a recently concluded lawsuit against another party, Bannum Inc., that was in very close "privity" to the defendants in this new action. Plaintiff's Complaint in that prior lawsuit, Case No. 1:06-cv-491, was dismissed by Judge Collyer on October 19, 2007 in a ruling that is a final adjudication on the merits for *res judicata* and collateral estoppel purposes. Having previously had a full and fair opportunity to litigate these same claims against a party in close privity to the current defendants, Plaintiff is precluded from re-litigating the claims in this lawsuit.

### II.   Procedural History and Factual Background

On March 13, 2006, Plaintiff filed her first lawsuit, Case No.: 1:06-cv-491, for damages relating to the alleged shooting death of her son, Mr. Cleveland McKinney, Jr. Plaintiff's complaint in that lawsuit alleged that, while Mr. McKinney, Jr. was a resident of Bannum Place

of Washington, D.C., a community correctional center or half-way house operated by Bannum Place of Washington, D.C., Inc., a District of Columbia Corporation, that he was shot and killed by an unidentified gunman. Complaint in Case No. 1:06-cv-491 at ¶ 28.

On April 4, 2007, Bannum, Inc. timely filed in that first lawsuit its Motion for Summary Judgment and/or Motion to Dismiss. Discovery was extended by the Court at the behest of Plaintiff's counsel, for three additional months beyond the deadline, to enable Plaintiff to take the depositions of Bannum's officers and directors and its former employees. As a result, discovery ultimately closed on September 7, 2007. The Court also granted Plaintiff's request, extending until October 9, 2007, the time for Plaintiff to respond to Defendant's Motion for Summary Judgment and/or Motion to Dismiss. However, instead of Plaintiff filing a response to Bannum, Inc.'s dispositive motion, and less than 15 days before her response was due, Plaintiff filed a motion seeking to amend her first complaint to add John Rich, David Lowry and Arnold Rich, Bannum's present and/or former officers, directors, and shareholders, as individual defendants.

In her Motion to Amend her Complaint in the first lawsuit, Plaintiff proffered that she learned during the depositions of Messrs. Rich, Lowry and Rich that those individuals were the "alter egos" of Bannum, Inc., and that if a judgment was obtained against the corporation, she wanted to ensure that said judgment could be satisfied. *See* Plaintiff's Motion for Leave to Amend Complaint re: Case No.: 1:06-cv-00491. In response to Plaintiff's Motion to Amend, Bannum Inc. argued that Plaintiff's motion should be denied because it was untimely, and also because the granting of same would have severely prejudiced Bannum. In addition, Bannum contended that Plaintiff had failed to offer any evidence, in fact, record or law, tending to support her assertion that Messrs. Rich, Lowry, and Rich were the alter egos of Bannum, Inc. In fact,

Bannum vigorously contended that no such evidence existed. As a result, Bannum asserted that any amended complaint that sought to place liability on Messrs. Rich, Lowry and Rich, because they are the alter egos of Bannum, Inc., would be futile. *See* Opp. to Pl.'s Mot. to Amend.

On October 19, 2007, the Court entered an Order denying Plaintiff's Motion to Amend her Complaint; denying her motion for leave to late designate an expert witness; and granting Bannum, Inc.'s motion to dismiss or for summary judgment. *See* Order dated October 19, 2007. With regard to Plaintiff's motion to amend her complaint to name Messrs. Rich, Lowry and Rich as individual defendants, the Court agreed with Bannum, Inc. that there was no evidence to support an alter ego theory, and that the amendment would cause substantial delay and prejudice. *Id.* Finally, with respect to Bannum's dispositive motion, the Court found that Ms. Mitchell's response to same was originally due July 30, 2007, but was extended twice – to September 24, 2007, and finally to October 9, 2007, and that despite these extensions, Plaintiff had failed to file a response, and had also failed to request a further extension. Thus, the Court treated Bannum's motion to dismiss or for summary judgment as conceded. *Id.*

On October 17, 2007, two days before this Court dismissed Case No. 1:06-cv-491, which Plaintiff had filed against Bannum, Inc., Plaintiff filed this lawsuit against Bannum Place of Washington, D.C., Inc. ("Bannum Place") and Messrs. Rich, Lowry and Rich, alleging the <u>exact same claims</u>[1] against these defendants as she originally alleged against Bannum, Inc. It is worth noting that throughout the course of the first litigation, Bannum, Inc. notified Plaintiff on numerous occasions that she should bring the claim against Bannum Place of Washington D.C. Inc., not Bannum Inc., since Bannum Inc. had assigned to Bannum Place of Washington, D.C.

---

[1] Plaintiff's Complaints in both cases allege five counts: (1) a claim under the District of Columbia's Wrongful Death Act; (2) a claim under the District of Columbia Survival Act; (3) deprivation of civil rights; Eighth Amendment, 42 U.S.C. § 1983; (4) negligent supervision; and (5) negligent infliction of emotional distress.

Inc. (a separate corporate entity, distinct from Bannum Inc.) its contract to operate the Community Corrections Center at issue. *See, e.g.*, in Case No. 1:06-cv-491, Bannum's Answer to Plaintiff's Complaint; Bannum's Answers to Plaintiff's Interrogatories, Answer No. 7.; and, Bannum's Motion to Dismiss or for Summary Judgment at 10-11. Nonetheless, Plaintiff refused to timely amend her complaint to name Bannum Place of Washington, D.C. Inc. ("Bannum Place") as a defendant – even when she was belatedly seeking to amend her first complaint to name Messrs. Rich, Lowry and Rich as individual defendants.[2]

Plaintiff is now alleging the exact same claims against Bannum Place of Washington, D.C., Inc. and Messrs. Rich, Lowry and Rich that she alleged in her first complaint against Bannum, Inc. Because the claims she alleges in her new complaint are exactly the same as the ones she alleged in her first complaint, and because Bannum Place of Washington, D.C., Inc., is in privity with Bannum, Inc., this Court should dismiss Plaintiff's current lawsuit as it is barred by the principles of *res judicata* and collateral estoppel.

### III. Statement of Material Facts Not in Dispute

1. In Case No. 1:06-cv-491, Plaintiff brought the identical five causes of action regarding the same alleged incident, as in this case. (compare Complaint in Case No. 1:06-cv-491 to Complaint in the case at bar).

2. Plaintiff's claims in Case No. 1:06-cv-491 were subject to full discovery and motions practice. (see record in Case No. 1:06-cv-491).

---

[2] While defendants Rich, Lowry and Rich have not yet been served and therefore this Motion is advanced only by Bannum Place, this Defendant points out that, as in case No. 1:06-cv-491, any claim by Plaintiff against those three individual defendants is futile. This Court has already found in Case No. 1:06-cv-491 that there was no evidence to suggest that Messrs. Rich, Lowry and Rich were the "alter egos" of Bannum, Inc. These individuals are also the past and/or present officers, directors and shareholders of Bannum Place of Washington, D.C., Inc. Just like Bannum, Inc., Bannum Place of Washington, D.C., Inc. is a lawfully organized and existing Washington, D.C. corporation, and again, Plaintiff can prove no set of facts that would tend to establish that Messrs. Rich, Lowry and Rich are the alter egos of Bannum Place of Washington, D.C., Inc. Thus, as to Defendants Rich, Lowry and Rich, Plaintiff's new complaint fails on the merits, as well as on the application of *res judicata*, as explained *infra*.

4

3. This Court, on October 19, 2007, by Order and Memorandum Opinion, granted Defendant Bannum Inc.'s Motion to Dismiss in Case No. 1:06-cv-491. (see Order of Oct. 19, 2007 in Case No. 1:06-cv-491).

4. Bannum Inc. and Bannum Place of Washington D.C. Inc. are separately incorporated entities. (See Motion for Summary Judgment and/or Motion to Dismiss by Defendant Bannum Inc., and exhibits J and K thereto, in Case No. 1:06-cv-491).

5. Bannum Inc. assigned to Bannum Place of Washington D.C. Inc, on May 7, 2003, the contract for operation of the facility at issue in both lawsuits. (See Exhibit A to Motion for Summary Judgment and/or Motion to Dismiss by Defendant Bannum Inc., in Case No. 1:06-cv-491).

6. In both lawsuits, Plaintiff has alleged that John Rich, David Lowry, and Arnold Rich are or were the owners and "alter egos" of Bannum Inc. and of Bannum Place of Washington D.C. Inc. (See Complaint in this case, and Motion of the Plaintiff for Leave to Amend Her Complaint in Case No. 1:06-cv-491).

7. In this lawsuit, Defendants John Rich, David Lowry and Arnold Rich are sued solely in their roles as owners or agents of Bannum Place of Washington D.C. Inc. (see Complaint).

**IV. Argument**

A. Plaintiff's New Complaint Should be Dismissed Because it is Barred by the Principles of *Res Judicata*

Plaintiff's new complaint should be dismissed because it is barred by the principles of *res judicata*. "*Res Judicata* is an affirmative defense that can be pled in a defendant's answer, but it is also properly brought in a preliminary motion to dismiss when all relevant facts are shown by the court's own records, of which the court takes notice.'" *See generally Evans v. Chase*

*Manhattan Mortgage Corp.*, 2007 WL 902306 (D.D.C. 2007) (citing *Day v. Moscow*, 955 F.2d 807, 811 (2nd Cir. 1992); *Bethel v. Jendoco Constr. Corp.*, 570 F.2d 1168, 1174 n.10 (3rd Cir. 1978)).

"Under the doctrine of *res judicata*, also known as claim preclusion, 'a judgment on the merits in a prior suit bars a second suit involving parties or their privies based on the same cause of action.'" *Evans v. Chase Manhattan Mortgage Corp.*, 2007 WL 902306 (D.D.C. 2007) (citing *Apotex, Inc. v. FDA*, 393 F.3d 210, 217 (D.C. Cir. 2004). "*Res Judicata* plays a central role in advancing the 'purpose for which civil courts have been established, the conclusive resolution of disputes within their jurisdictions." *Evans v. Chase Manhattan Mortgage Corp.*, 2007 WL 902306 (D.D.C. 2007) (quoting *Montana v. United States*, 440 U.S. 147, 153 (1979).

The Supreme Court in *Montana* described the purpose of the principle of *res judicata* as follows: "[t]o preclude parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Id.* "In short, the doctrine embodies the principle 'that a party who once has had a *chance* to litigate a claim before an appropriate tribunal usually ought not to have another chance to do so." *Evans v. Chase Manhattan Mortgage Corp.*, 2007 WL 902306 (D.D.C. 2007) (citing SBC Comms. Inc. v. FCC, 407 F.3d 1223, 1229 (D.C. Cir. 2005) (quoting RESTATEMENT (SECOND) OF JUDGMENTS Ch. 1 at 6 (1982) (no emphasis added).

As noted by this Court in *Evans*, "the D.C. Circuit has 'embraced the Restatement (Second) of Judgments' pragmatic, transaction approach to determining what constitutes a cause of action' for *res judicata* purposes.'" *Id.* citing *U.S. Indus. Inc. v. Blake Constr. Co.*, 765 F.2d

6

195, 205 (D.C. Cir. 1985). "In addressing the cause-of-action question, the Restatement speaks in terms of a transaction, or series of transactions and gives 'weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Id.* quoting RESTATEMENT (SECOND) OF JUDGMENTS § 23(2) (1982).

"The Restatement approach reflects a trend 'in the direction of requiring that a plaintiff present in one suit all the claims for relief that he may have arising out of the same transaction or occurrence." *Id.* Quoting 1B JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 0.410 [1] (2d ed. 1983).

The four elements traditionally applied by the Court to determine whether *res judicata* applies to the claim before it are: (1) an identity of parties; (2) a judgment from a court of competent jurisdiction; (3) a final judgment on the merits; and (4) an identity of the cause of action. *Evans v. Chase Manhattan Mortgage Corp.*, 2007 WL 902306 (D.D.C. 2007) (citing *Forest Research Council v. Shea*, 172 F.Supp.2d 24, 29 (D.D.C. 2001).

The first element of the *res judicata* test, "an identity of parties", is met when parties in a prior case are the same, or were in "privity" to the parties in the current case. *Evans, supra.* Element one of the test, privity, is undoubtedly satisfied in regard to the relationship between Bannum, Inc. and Bannum Place of Washington, D.C., Inc. In fact, Bannum Place was formed specifically to take the assignment of the contract from Bannum Place to operate the facility at issue. On November 16, 2001, Bannum, Inc. entered into a contract with BOP to provide residential Community Corrections Center ("CCC") services for the Washington, D.C. area. *See* Exhibit C to Bannum, Inc.'s Motion to Dismiss or for Summary Judgment in Case No. 1:06-cv-

7

491. On May 7, 2003, however, Bannum, Inc. assigned its contract with BOP to Bannum Place of Washington, D.C., Inc (this assignment was made the same day Bannum Place of Washington, D.C., Inc. was formed). *See* Exhibit A to the Motion for Summary Judgment and/or Motion to Dismiss by Bannum Inc. in Case No. 1:06-cv-491. Pursuant to the terms of the assignment, Bannum, Inc. maintained no further interest in the contract with BOP. *Id.* Furthermore, Bannum Place assumed and agreed to perform all of Bannum, Inc.'s duties under the contract, and also agreed to indemnify and hold harmless, Bannum, Inc. from any claim or demand made relating to the BOP contract. *Id.* Bannum Place desired to acquire such rights and was willing and also agreed to perform all duties and responsibilities formerly belonging to Bannum, Inc. *Id.* The "Recitals" section of the assignment Agreement clearly sets forth the rationale for Bannum, Inc.'s decision to assign the contract with BOP to Bannum Place. *Id.* Specifically, that portion of the Agreement reflects Bannum, Inc.'s concerns about the political and legal opposition it received from political leaders and community organizations regarding the location and operation of CCCs within the District of Columbia. *Id.* Bannum, Inc. believed that because of all the political and social turmoil surrounding its location and operation in the District of Columbia that it needed to insulate itself from the possibility of tarnishing its excellent performance reputation with BOP – a reputation it has maintained for over two decades. *Id.* As a result, on May 7, 2003, Bannum Place of Washington, D.C., Inc. was created for the purpose of protecting Bannum, Inc.'s property interests and its reputation and good will. *Id.*

Bannum, Inc. and Bannum Place of Washington, D.C., Inc. are not one and the same. They are separate entities, incorporated in different states. See Exhibits J and K to the Motion for Summary Judgment and/or Motion to Dismiss by Bannum Inc. in Case No. 1:06-cv-491.

8

However, these two closely-held, private corporations and their identical shareholders, are undoubtedly in privity with one another for purposes of applying *res judicata* principles to these lawsuits. As alleged by Plaintiff, Messrs. Rich, Lowry and Rich, are the sole former and/or present shareholders of Bannum, Inc., as well as the sole former and/or present shareholders of Bannum Place of Washington, D.C., Inc.[3] As explained by this Court in *Evans, supra*, citing to *Leslie v. LaPrade*, 726 A.2d 1228, 1231 (D.C. 1999), "Privity is a functional concept entailing mutual or successive relationships to the same right of property, or such an identification of interest of one person with another as to represent the same legal right." When one corporation is owned by another, privity typically exists for *res judicata* purposes. See, e.g. *Hart Steel Co. v Railroad Supply Co.* 244 U.S. 294 (1917), and its progeny. When one party or corporation assigns rights or obligations to another, to the extent the litigation involves those assigned rights or obligations (as in the case at bar), then courts typically hold that privity exists for *res judicata* purposes. See, e.g., *R.G. Financial Corp v. Vergara-Nunez*, 446 F.3d 178 (1st Cir. 2006); *Republic SEC Corp. v. P.R. Aqueduct & Sewer Auth.*, 674 F.2d 952, 955-57 (1st Cir. 1982); *Celeste Trust Reg. v. CBQ Inc.*, 2006 WL 2053311 (S.D.N.Y. 2006); *Transportation Concepts Inc. v. San Francisco French Bread Co.*, 200 WL 1175642 (N.D. TX 8/17/00). Clearly, given the assignment, the fact that the claims arise directly from the assigned rights and obligations, and the common ownership of the companies, Bannum Place of Washington D.C. Inc is in privity with Bannum Inc. for purposes of application of the doctrine of *res judicata*.

Regarding element two of the *res judicata* test, a prior judgment in a court of competent

---

[3] In the first litigation, during the deposition of Arnold Rich, Mr. Rich testified that Bannum, Inc. had other owners in the past but that it was presently owned exclusively by Arnold Rich and John Rich, 55% and 45%, respectively. Similarly, Bannum Place of Washington, D.C., Inc. is also presently owned by Arnold Rich and John Rich, 55% and 45%, respectively. Mr. Lowry's former interest in Bannum now belongs to John Rich. As stated above, the individual defendants have not been served yet and so do not yet join in this motion. However, it should be noted that, in a similar situation of a plaintiff trying to bring a second case against an owner of a once sued corporation, alleging that the owner was the "alter ego" of the corporation (just as here), Judge Gasch of this court found such a claim barred by *res judicata*. *Goodwin v. Home Buying Investment Co. Inc.*, 352 F.Supp. 413 (D.D.C. 1973).

9

jurisdiction, Plaintiff has voluntarily filed her first and second lawsuit in the United States District Court for the District of Columbia. Both cases were assigned to the Honorable Rosemary M. Collyer. In both complaints, Plaintiff asserted this Court's jurisdiction pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1331; 28 U.S.C. § 1343 and under D.C. Code § 11-921.

Element three of the *res judicata* test is "a final judgment on the merits". Federal Rule of Civil Procedure 41 deals with involuntary dismissals and in part it states that "a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits. *See* FED. R. CIV. P. 41; *see also Research Air, Inc. v. Norton*, 2006 WL 508341 at 6 (D.D.C. 2006) (Holding a Rule 41 dismissal that fails to address the underlying merits of the claim has the same effect as a final judgment on the merits). As previously stated, Plaintiff's virtually identical complaint in Case No. 1:06-cv-491 was dismissed by Order of this Court dated October 19, 2007. That decision was a final adjudication on the merits, by the terms of Rule 41. See ruling by Judge Collyer in *Evans, supra*. In its Memorandum Opinion in Case No. 1:06-cv-491, this Court explained that Ms. Mitchell's response to Bannum's dispositive motion was originally due July 30, 2007, but was extended twice – to September 24, 2007, and finally to October 9, 2007, and that despite these extensions, Plaintiff had failed to file a response, and had also failed to request a further extension. As a result, the Court treated Bannum's motion to dismiss or for summary judgment as conceded. As the Memorandum Opinion illustrates, Plaintiff's first complaint was not dismissed for lack of jurisdiction, improper venue, or for failure to join a party under Rule 19. Therefore, under the express terms of Rule 41, it is an adjudication on the merits. Consequently, the Court's dismissal of Plaintiff's first lawsuit was a dismissal "upon the merits" for *res judicata* purposes, within the terms of Rule 41

and the controlling precedent. As explained by this Court in *Evans, supra*, and by the Supreme Court in *Montana, supra*, *res judicata* applies when the Plaintiff has had "the chance", or a "full and fair opportunity" to litigate, and once that has occurred, the Plaintiff should not be given a second opportunity to the prejudice of the defendant. Therefore, element three is also satisfied.

Finally, it is indisputable that the claims which Plaintiff alleges in the instant complaint are identical to the claims she asserted in her first complaint, thus satisfying the fourth and final element of the *res judicata* test. As previously described, Plaintiff's complaints in both cases have alleged the same five counts and almost identical factual allegations. Those redundant five counts are: (1) a claim under the District of Columbia's Wrongful Death Act; (2) a claim under the District of Columbia Survival Act; (3) deprivation of civil rights; Eighth Amendment, 42 U.S.C. § 1983; (4) negligent supervision; and (5) negligent infliction of emotional distress.

Therefore, *res judicata* applies, and Plaintiff's complaint herein should be dismissed with prejudice.

B. Plaintiff's New Complaint Should be Dismissed Because it is Barred by the Principle of Collateral Estoppel

Plaintiff's new complaint should be dismissed because it is barred by the principle of collateral estoppel. Collateral Estoppel or issue preclusion requires three elements: (1) that the same issue now being raised have been contested by the parties and submitted for judicial determination in the prior case; (2) that the issue must have been actually and necessarily determined by a court of competent jurisdiction in that prior case; and, (3) that preclusion in the second case must not work a basic unfairness to the party bound by the first determination. *Martin v. Dept. of Justice*, 488 F.3d 446 (D.C. Cir. 2007) (citing *Yamaha Corp. of America v. United States*, 961 F.2d 245, 254 (D.C. Cir. 1992)).

11

"For purposes of issue preclusion . . . 'final judgment' includes any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect." *Id.* "When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties." *Martin v. Dept. of Justice*, 488 F.3d 446 (D.C. Cir. 2007) (quoting RESTATEMENT (SECOND) OF JUDGMENTS § 27 (1982)). In addition, "[i]ssue preclusion generally applies when the prior determination is based on a motion for summary judgment." 18 JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 132.03[2][j] (3d ed. 1997) (citing *Scripps Clinic and Research Found v. Baxter Travenol*, 729 F. Supp. 1473, 1475 (D. Del. 1990); *see also Katahn Assoc. v. Wien*, 155 B.R. 479, 486 (Bankr. N.D. Ill. 1993), aff'd, 29 F.3d 329 (7th Cir. 1994) (granting preclusive effect to unopposed summary judgment when party had notice of prior hearing, made an appearance, and was represented by counsel at the hearing); *Wolstein v. Docteroff*, 133 F.3d 210, 215 (3rd Cir. 1997) (granting preclusive effect to default judgment entered as a sanction for bad-faith conduct in discovery; to hold otherwise would give litigants who abuse the processes and dignity of the court an undeserved second bite at the apple).

An application of these factors to the present case establishes that Plaintiff's current claim is barred by collateral estoppel. Here, the same issues now being raised by Plaintiff have undoubtedly been contested by the parties and submitted for judicial determination in the prior case. As previously stated, Plaintiff's first complaint alleged the same five counts against Bannum, Inc. that she now alleges against Bannum Place of Washington, D.C., Inc. and Messrs. Rich, Lowry and Rich. What is more, the underlying facts of Plaintiff's original complaint are identical to the underlying facts of the instant complaint. In the first suit, Bannum, Inc. filed its

dispositive motion wherein it raised numerous arguments warranting dismissal of Plaintiff's complaint. Plaintiff failed to timely respond to the Bannum's motion to dismiss or for summary judgment, and as a result, her case was dismissed. Plaintiff clearly had a full and fair opportunity to litigate her claims against Bannum, Inc. Importantly, it must be noted that Plaintiff never moved to voluntarily dismiss her first lawsuit, knowing that a dispositive motion was pending and ripe for decision.

Finally, Messrs. Rich, Lowry and Rich and Bannum Place of Washington, D.C., Inc. contend that the preclusion in this second case will not work any unfairness to Plaintiff. As this Court has noted: Plaintiff's response to Bannum's dispositive motion was originally due July 30, 2007, but was extended twice – to September 24, 2007, and finally to October 9, 2007, and that despite these extensions, Plaintiff had failed to file a response, and had also failed to request a further extension. As a result, the Court appropriately treated Bannum's Motion for Summary Judgment and/or Motion to Dismiss in that case as conceded.

## V.  Conclusion

Clearly, Plaintiff was given a full and fair opportunity to litigate her claims in the first lawsuit, and those claims were dismissed. She should not now be allowed to re-litigate those exact same issues against these defendants, who are clearly in privity with the Defendant in the first lawsuit. If Plaintiff were permitted to do so, it would be to the substantial prejudice of the Defendants, since the party with whom they are in close privity fully litigated the first lawsuit, following in all respects the Court's Schedule and Orders, and waited over 5 months for Plaintiff to conduct discovery and for the Court to then rule on the dispositive motion.

Defendant Bannum Place of Washington, D.C., Inc. respectfully requests that the Court dismiss Plaintiff's Complaint.

        Respectfully submitted,

        CARR MALONEY P.C.

By:

        /s/ Kevin M. Murphy
        Kevin M. Murphy, D.C. Bar #388476
        Ali A. Beydoun, D.C. Bar #475413
        1615 L Street, N.W.
        Suite 500
        Washington, D.C. 20036
        (202) 310-5500 (Telephone)
        (202) 310-5555 (Facsimile)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ESTER BEST MITCHELL,  
Individually and as next best friend of  
Cleveland McKinney, Jr.  

    Plaintiff,  

v.  

BANNUM PLACE OF  
WASHINGTON, D.C., INC. et al.  

    Defendants.

Case No.: 1:07 –cv-01870  
Judge: Rosemary M. Collyer

## ORDER

UPON CONSIDERATION of the Motion to Dismiss or for Summary Judgment by Defedant Bannum Place of Washington D.C. Inc., and any Opposition thereto, it is this _____ day of _____, 2007, hereby

ORDERED, that Defendant's Motion to Dismiss is GRANTED, and all claims of Plaintiff are hereby Dismissed with Prejudice.

The Honorable Rosemary M. Collyer

Copies to:

Kevin M. Murphy, Esquire  
Ali A. Beydoun, Esquire  
Carr Maloney P.C.  
1516 L Street, N.W., Suite 500  
Washington, D.C. 20036

Gregory L. Lattimer, Esquire  
1100 H Street, N.W.  
Suite 920  
Washington, D.C. 20005

Donald M. Temple, Esquire  
1229 15th Street, N.W.  
Washington, D.C. 20005