IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ESTER BEST MITCHELL,                           *
                                               *
            Plaintiff,                         *
                                               *
v.                                             *     Case No. 1:07-cv-1870 (RMC)
                                               *
BANNUM PLACE OF                                *
WASHINGTON, D.C., INC. et al.                  *
                                               *
            Defendants.                        *

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO THE MOTION TO DISMISS OR FOR SUMMARY
JUDGMENT BY DEFENDANT BANNUM PLACE OF WASHINGTON, D.C. INC**

Comes now the plaintiff, by and through counsel, and hereby submits her opposition

to Defendant Bannum Place's motion to dismiss or for Summary Judgment.  Defendant

Bannum Place contends that the plaintiff is precluded from advancing this action based on

the doctrines of re judicata and collateral estoppel.

**Relevant Factual History**

On March 16, 2006, the plaintiff initiated an action against Bannum, Inc., a Kentucky

corporation which had its principal place of business in Pinellas County, Florida at 2625

Sunnyvale Blvd. (Case No. 1:06-cv-00491).   Bannum, Inc., operated approximately

seventeen (17) community correction centers throughout the United States pursuant to

contracts with the Bureau of Prisons ("BOP").  On April 7, 2007, Bannum, Inc., moved the

Court for Summary Judgment and/or to dismiss that complaint primarily on the basis that

it was the wrong party:

> Bannum, Inc., maintains that it had no interest in Bannum Place of
> Washington, D.C. at the time of the alleged shooting death of Mr. McKinney,
> Jr., that said interest in Bannum Place had been assigned to Bannum Place
> over two years before the alleged shooting death; and that Plaintiff has failed

to sue the proper party in this litigation.

Bannum Inc., Mot. Mem. at 11. (Case No. 06-491)

Because discovery had not been completed in that litigation, Bannum, Inc.'s motion was held in abeyance. On September 6, 2007, the plaintiff was finally able to depose the officers of Bannum, Inc., and learned for the first time that they were also the only officers and directors of Bannum Place of Washington, D.C., Inc., the defendants in this case, and even more importantly, learned that Messrs. John Rich, Arnold Rich, and David Lowery were actually the alter ego of the current defendant.

The plaintiff sought to amend her complaint in Bannum, Inc., to include the individual defendants. Bannum, Inc., vehemently opposed that motion in a 13 page opposition. While the motion for summary judgment and to amend were pending, the plaintiff filed a separate complaint in which she named as defendants Bannum Place of Washington, D.C., Inc. (the proper party according to Bannum, Inc.), David Alan Lowery, Arnold Ray Rich and John David Rich. Each of these individuals was a part owner of Bannum Place during the relevant period, actively involved in the operation of Bannum Place during the relevant period and together constituted 100% of the ownership of Bannum Place during the relevant period. Eight days after plaintiff initiated the present lawsuit on October 11, 2007, this Court issued a memorandum opinion denying the motion to amend and granting Bannum, Inc.'s motion to dismiss or for summary judgment as conceded. Opinion of October 19, 2007 Document 24, at 3. (Case No. 06-491)

It is against the backdrop of these facts that Bannum Place seeks to have the Court dismiss this action on the pleadings or grant it summary judgment on the basis of res judicata and collateral estoppel. As will be shown below, however, Bannum Place's motion

definitively lacks merit.

## II. <u>Argument</u>

### A. <u>Standard of Review</u>

#### 1. <u>Motion to Dismiss</u>

Defendant Bannum Place advances its motion as if it is pursuant to F.R.C.P. 12. However, it is not made clear under what provision of Rule 12 it is contended that the motion falls. Nonetheless, to the extent that documents outside the contours of the complaint are relied upon, the motion is transformed into a motion for summary judgment pursuant to Rule 56. F.R.C.P. 12(b), ( c) further provides that "all parties shall be given reasonable opportunity to present all material pertinent to such a motion by Rule 56( c)." Thus, it is clear that if this motion is to be considered under Rule 56, a reasonable opportunity to conduct discovery **in the case**, must be afforded the non-moving party.

> To the extent that the motion is based on the pleadings, i.e., the complaint, the Court may only consider the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice.

*Gustave - Schmidt v. Chao*, 226 F.Supp. 2d 191, 196 (D.D.C. 2002)[citations omitted].

#### 2. <u>Summary Judgement</u>

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment should be granted only if "there is no genuine issue as to any material fact and the . . . moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). It has been consistently ruled by the courts that the moving party bears the burden of demonstrating the absence of any genuine issue of material facts. <u>Adickes v. S. H. Kress & Co.</u>, 398 U.S. 144, 157, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970); <u>Richardson v. National Rifle Association</u>, 871

F. Supp. 499 (D.D.C. 1994). Thus, the moving parties are entitled to a summary judgment only if the pleadings, depositions, answers to interrogatories, and admissions on file together with affidavits, if any, show that there is no genuine issues of material fact and that the moving parties is entitled to judgment as a matter of law. Id.

As all inferences drawn from the underlying facts are to be viewed in the light most favorable to the non-moving party, the defendants' burden is substantial. Washington Post Co. v. U.S. Dept. of Health and Human Services, 865 F.2d 320, 325 (D.C. Cir. 1989). As noted by the Court in Washington Post, supra at 325,

> Summary judgment is appropriate only in circumstances where "the evidence is such that a reasonable jury could not return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 91 L. ed 2d. 202, 106 S. Ct. 2505 (1986). In deciding a motion for summary judgment, the district court is obligated to view the available evidence in the light most favorable to the nonmoving party. Adickes v. Kress & Co., 398 U.S. 144, 157, 26 L. ed. 2d 142, 90 S. Ct. 1598 (1970); Popham, Haik, Schnobrich, Kaufman & Doty, Ltd. v. Newcomb Securities Co., 243 U.S. App. D.C. 43, 751 F.2d 1262, 1263 (D.C. Cir. 1985) ("Any doubt is to be resolved against the moving party.") The Supreme Court has recently made clear that "at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249. If a genuine dispute does exist over a material issue, then parties should be given the opportunity to present direct evidence and cross-examine the evidence of their opponents in an adversarial setting.

The Court in Ross v. Communication Satellite Corp, 759 F.2d 355 (4th Cir. 1985), went on to further state:

> Care is required in deciding whether the evidence presents a genuine issue of motive, for "summary judgment is seldom appropriate in cases wherein particular states of mind are decisive as elements of [a] claim or defense." Charbonnages de France v. Smith, 597 F.2d at 414. Resolution of questions of intent often depends upon "the credibility of the witnesses, which can best be determined by the trier of facts after observation of the demeanor of the witnesses during direct and cross-examination." Morrison v. Nissan Motor Co., Ltd., 601 F.2d 139, 141 (4th Cir. 1979). Ross, supra at 364-65.

Similarly, in the District of Columbia it has been held that a motion for summary judgment is only properly granted when the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits in a proceeding, all show that there is no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law.  Super. Ct. Civ. R. 56 ( c).  See also Byrd v. Allstate Ins. Co., 622 A.2d 691, 693 (D.C. App. 1993); Bolle v. Hume, 619 A.2d 1192, 1195 (D.C. App. 1993).  Again, it is clear that at the very least, an opportunity to conduct discovery must be provided and to be sure, the matter should be fully at issue by the filing of an answer to the complaint by all of the parties.

**B.  Res Judicata Is Not A Ban To The Present Action**

Defendant Bannum Place opines that "Plaintiff's new complaint should be dismissed because it is barred by the principles of res judicata."  Mot. Mem. at 5.  Before addressing the specific contentions of Bannum, it is important to note what present counsel represented to this Court during his representation of Bannum, Inc., in that entity's motion for summary judgment:

**A.  Plaintiff's Failure to Name the Proper Party in this Lawsuit Must Result in Dismissal of Her Claim**

On November 16, 2001, Bannum, Inc. entered into a contract with BOP to provide residential CCC services for the Washington, D.C. area.  *See* Exhibit C.  On May 7, 2003, however, Bannum, Inc. assigned its contract with BOP to Bannum Place of Washington, D.C. Inc.  (this assignment was made the same day Bannum Place of Washington, D.C., Inc. was formed).  *See* Exhibit A.  Pursuant to the terms of the assignment, Bannum, Inc. maintained no further interest or obligation for the performance of the contract with BOP.  *See* Exhibit A.  The "Recitals" section of the assignment Agreement clearly sets forth the rationale for Bannum, Inc.'s decision to assign the contract with BOP to Bannum Place.  *See* Exhibit A.  Specifically, that portion of the Agreement reflects Bannum, Inc.'s concerns about the

-5-

political and legal opposition it received from political leaders and community organizations regarding the location and operation of CCCs within the District of Columbia. *See* "Recitals" to Exhibit A. Bannum, Inc. believed that because of all the political and social turmoil surrounding its location and operation in the District of Columbia that it needed to insulate itself from the possibility of tarnishing its excellent performance reputation with BOP - a reputation it has maintained for over two decades. *See* "Recitals," Exhibit A.  As a result, on May 7, 2003, Bannum Place of Washington, D.C., Inc. was created for the purpose of protecting Bannum, Inc.'s property interests and its reputation and good will. *See* Exhibits A and K.

Bannum Place opened its doors on or about May 2003 (the same month and year of the assignment).  After the Assignment, Bannum, Inc. allowed its corporate status in Washington D.C. to lapse, further proof that it no longer was responsible for Bannum Place.  Bannum Place of Washington, D.C., Inc. has maintained its corporate status within the District of Columbia from its inception until Bannum Place closed, and had full and exclusive control over the operation of Bannum Place. *See* Exhibit K.

Plaintiff has elected to continue this lawsuit against Bannum, Inc. as opposed to Bannum Place of Washington, D.C., even though Bannum, Inc. explained the Assignment issue in its Answer to the Complaint.  On June 29, 2005, the date of the alleged shooting of Mr. McKinney, Jr., Bannum, Inc. no longer maintained an interest in the Award of Contract it previously entered with BOP.  Bannum, Inc. had two years earlier assigned such Award of Contract to Bannum Place of Washington, D.C. Bannum, Inc. maintains that it had no interest in Bannum Place of Washington, D.C. at the time of the alleged shooting death of Mr. McKinney, Jr.; that said interest in Bannum Place had been assigned to Bannum Place over two years before the alleged shooting death; and that Plaintiff has failed to sue the proper party in this litigation.  Therefore, summary judgment for Defendant on all claims is proper.

Indisputably, the doctrine of res judicata bars a claim when there has been a final judgment on the merits in an earlier suit involving the same parties or their privies  and the same cause of action. *Drake v. FAA*, 291 F.3d 59, 66 (D.C. Cir. 2002).  In order for res judicata to apply, however, four factors must exist: (1) an identity of parties or their privies in both suits; (2) a judgment rendered by a court of competent jurisdiction; (3) a final judgment on the merits; (4) an identity of the cause of action in both suits. *U.S. Indus. Inc.*

*V. Blake Constr. Co.*, 765 F.2d 205 n. 21 (D.C. Cir. 1985); *Paley v. Estate of Ogus*, 20

F.Supp. 2d 83, 87 (D.D.C. 1998),

> Determining whether a particular ruling fulfills each factor for res judicata
> to apply requires a careful assessment of what each factor demands.

*Hafezi v. Construction & Development, Inc.*, 2006 U.S. Dist. Lexis 19742 at 18 (D.D.C.

2006).

Obviously, none of the parties in the present lawsuit was a party in Case No. 06-491.

Consequently, defendant Bannum Place posits that:

> Element one of the test, privity, is undoubtedly satisfied in regard to the
> relationship between Bannum, Inc. and Bannum Place of Washington, D.C.,
> Inc.  In fact, Bannum Place was formed specifically to take the assignment
> of the contract from Bannum Place to operate the facility at issue.

Mot. Mem. at 7.  Applicable law, on the other hand is somewhat different than the opinion

of Bannum Place of Washington, D.C., Inc.

> A privy is one so identified in interest with a party to the former litigation
> that he or she represents precisely the same legal right in respect to the
> subject matter of the case.

*Smith v. Jenkins*, 562 A.2d 610, 615 (D.C. 1989)(citing *Jefferson Sch. Of Soc. Sci. v.*

*Subversive Activities Control Bd*., 331 F.2d 76, 83 (D.C. Cir. 1963).

Even though Bannum Place admits that it "was created for the purpose of protecting

Bannum, Inc.'s property interests and its reputation and good will; that  Bannum, Inc. and

Bannum Place of Washington, D.C. are not one and the same; that they are separate entities,

incorporated in different states . . .  Mot. mem. at 8, Bannum Place maintains that they are

in privity with one another for purposes of res judicata.  In the previous litigation, however,

counsel for Bannum, Inc., who is present counsel for Bannum Place in this action made the

following representations:

> On June 29, 2005, the date of the alleged shooting of Mr. McKinney, Jr.,
> Bannum, Inc. no longer maintained an interest in the Award of Contract it
> previously entered with BOP.  Bannum, Inc. had two years earlier assigned
> such Award of Contract to Bannum Place of Washington, D.C. at the time of
> the alleged shooting death of Mr. McKinney, Jr., that said interest in Bannum
> Place over two years before the alleged shooting death; and that Plaintiff has
> failed to sue the proper party in this litigation.

Mot. Mem. at 11. (Case No. 06-491) The fact of the matter is that Bannum Place's present

counsel himself refute the suggestion that privity existed between Bannum, Inc., and

Bannum Place of Washington, D.C. Inc., in the prior litigation.

> The "orthodox categories of privies are those who control an action although
> not parties to it . . ., those whose interests are represented by a party to the
> action . . .; [and] successor in interest.

*Smith, supra*, quoting *Lawlor v. Nat'l Screen Serv. Corp.*, 349 U.S. 322, 329, n. 19 (1955).

According to Bannum, Inc., in the previous litigation, it had no interest in the BOP contract,

had no interest in Bannum Place of Washington, D.C., Inc., and instead of representing the

interests of Bannum Place of Washington, D.C., Inc., Bannum, Inc., made clear that Bannum

Place was the party that should have been sued.  Mot. Mem. in Case No. 06-491 at 11.  To

be sure, Bannum Inc., and Bannum Place of Washington D.C., Inc., even though represented

by identical counsel, were not in privity with one another in the previous litigation.

Even clearer is the fact that this Court did not issue a decision on the merits in Case

No. 06-491.  In its Memorandum Opinion of October 19, 2007, this Court held

> the Court treats Bannum's motion to dismiss or for summary judgment as
> conceded.  Accordingly, the Complaint will be dismissed.

Case No. 06-491 Mem. Op. at 3.  In a case directly on point, Judge Kollar-Kotelly

specifically addressed an almost identical situation

> a ruling is a judgment on the merits if it "is based on legal rights as
> distinguished from mere matters of practice, procedure, jurisdiction or form

. . . the decision by the D.C. Superior Court to grant Stiglitz's motion for summary judgment as "unopposed" and "for good cause shown" certainly was not a final judgment on the merits with respect to any potential liability faced by CDI.  Simply, the trial court never made any adjudication on any issue of fact or law regarding CDI's conduct of liability to Plaintiffs that could affect the instant action . . .  Specifically, the local courts that dealt with the previous case never held in entering final judgment in favor of Stiglitz that CDI was free of liability to Plaintiffs for that conduct central to this action.

*Hafezi, supra* at 28-29.

Just as was the case in *Hafezi*, an unopposed motion for summary judgment that was granted on that basis, and that basis alone[1], simply is not a decision on the merits

Because there was no privity between Bannum, Inc., and Bannum Place in the previous litigation and because there was no final decision issued by this Court on the merits, the doctrine of res judicata has no applicability to this case whatsoever.

Similarly without merit is the contention of Bannum Place that plaintiff's complaint is barred by collateral estoppel.  In the District of Columbia:

Collateral estoppel applies in situations where the issue in the new case [is] one that was actually litigated and decided in the prior case, by a final and valid disposition on the merits, after a full and fair opportunity for litigation by the same parties or their privies, where the issue was necessarily decided in disposing of the first action, and not mere dictum.

*Kingam Park Civic Ass'n v. Williams*, 924 A.2d 979, 987 (D.C. 2007).  None of the defendants in the present action were parties in the prior action and as noted above, there

---

[1]/ Rule 56 ( c) provides that "The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  This Court dismissed the complaint in Case No. 06-491as conceded pursuant to LCvR 7.1(b) as opposed to Rule 56 or 41, therefore, contrary to defendant's position, and consistent with Judge Kottelly's reasoning in *Hafezi*, there was no decision on the merits made in the prior litigation.

was no privity between Bannum, Inc., and Bannum Place in that prior action. Moreover, none of the issues were actually litigated in the previous action. As such, collateral estoppel is also wholly inapplicable to the present litigation.[2]

Wherefore, for the reasons set forth herein and in the record of the proceeding and in Case No 06-491, and because there was absolutely no privity which existed between Bannum, Inc., and Bannum Place, as clearly delineated by Bannum's present counsel, and because the decision of this Court in Case No. 06-491 was not "on the merits," it is respectfully requested that defendant's motion be denied.

Respectfully submitted,

Gregory L. Lattimer [371926]
1100 H Street, N.W.
Suite 920
Washington, D.C.  20005
(202) 638-0095

Donald M. Temple [408749]
1229 15th Street, N.W.
Washington, D.C. 20005
(202) 628-1101

---

[2]/ In addition, the individual defendants have yet to be served. Therefore, they cannot possibly be considered within the context of this motion inasmuch as counsel for Bannun Place does not indicate at anyplace in defendant's motion that he represents the individual defendants.

-10-