UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ESTER BEST MITCHELL, )<br>)<br>  Plaintiff, )<br>)<br>v. )<br>)<br>BANNUM PLACE OF WASHINGTON, )<br>D.C., INC., )<br>)<br>  Defendant. )<br>) | Civil Action No. 07-1870 (RMC) |

MEMORANDUM OPINION

      Cleveland McKinney, Jr., was shot and killed on June 29, 2005, at Bannum Place of Washington, Inc., a Community Corrections Center. His mother, Ester Best Mitchell, filed this suit alleging claims under: the Wrongful Death Act, D.C. Code § 16-2701; the Survival Act, D.C. Code § 12-101; the Eighth Amendment pursuant to 42 U.S.C. § 1983; and for negligent supervision and negligent infliction of emotional distress. This case is almost identical to a suit previously filed by Ms. Mitchell on March 16, 2006, styled *Mitchell v. Bannum, Inc.*, Case No. 06-491. The only difference between the cases is that in the 2006 case the defendant was Bannum, Inc. and in this suit Ms. Mitchell named as defendants Bannum Place of Washington, D.C., Inc. ("Bannum Place") as well as the officers/directors/shareholders of Bannum Place, David Alan Lowry, Arnold Ray Rich, and John David Rich. The Court dismissed the 2006 case, treating the defendant's motion for summary judgment as conceded when Ms. Mitchell failed to file a responsive pleading. Defendants Bannum Place and John Rich now move to dismiss or for summary judgment based on *res judicata*.[1] The motions will be granted.

---

[1] Defendants Arnold Rich and David Lowry have not been served.

## I. FACTS

In the prior lawsuit, Bannum Inc. filed an answer on August 11, 2006 indicating that Bannum Inc. had assigned to Bannum Place its contract with the Bureau of Prisons ("BOP") to operate the D.C. community correctional facility.[2] *See Mitchell v. Bannum, Inc.*, Case No. 06-491, Answer [Dkt. #5]. Then, on April 4, 2007, Bannum Inc. filed a motion for summary judgment indicating that due to the contract assignment, the proper party to that suit was Bannum Place, not Bannum Inc. *See id.*, Def.'s Mot. for Summ. J. [Dkt. # 12]. Discovery originally was set to close on June 7, 2007, but was extended at Ms. Mitchell's request. As a result, discovery closed on September 7, 2007. Ms. Mitchell's response to the motion for summary judgment was originally due July 30, 2007, but was extended twice — to September 24, 2007, and finally to October 9, 2007. Despite these extensions, Ms. Mitchell failed to file a response or to request yet another extension. Thus, the Court treated Bannum Inc.'s motion to dismiss or for summary judgment as conceded and granted the motion. *See id.*, Mem. Op. & Order filed Oct. 19, 2007 [Dkt. ## 24 & 25] (citing *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992); *Fox v. Strickland*, 837 F.2d 507, 509 (D.C. Cir. 1988)).[3] Defendants Bannum Place and John Rich now seek dismissal based on *res judicata*.

---

[2] Bannum Inc. entered into a contract with BOP to provide community correctional services in D.C. *See Mitchell v. Bannum, Inc.*, Case No. 06-491, Def.'s Mot. for Summ. J. [Dkt. # 12], Ex. C. On May 7, 2003, Bannum Inc. assigned this contract to Bannum Place. *See id.*, Ex. A.

[3] On September 24, 2007, Ms. Mitchell filed a motion for leave to amend her complaint to name Messrs. Rich, Rich, and Lowry, alleging that Bannum Inc. was the alter ego of these three individuals. Because Ms. Mitchell pointed to no evidence in support of an alter ego theory and because amendment would have caused substantial delay and prejudice, the Court denied the motion to amend. *See id.*, Mem. Op. & Order filed Oct. 19, 2007 [Dkt. ## 24 & 25].

## II.  STANDARD OF REVIEW

If, in considering a Rule 12(b)(6) motion, "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56[.]" *Holy Land Found. for Relief and Dev. v. Ashcroft*, 333 F.3d 156, 165 (D.C. Cir. 2003). Where matters outside the pleadings are presented in a motion to dismiss, the court must treat the motion as one for summary judgment under Rule 56. Fed. R. Civ. P. 12(b)(6). Here, the Court treats Defendants' motion as one for summary judgment.

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment must be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *see also Diamond v. Atwood*, 43 F.3d 1538, 1540 (D.C. Cir. 1995). In ruling on a motion for summary judgment, the court must draw all justifiable inferences in the nonmoving party's favor and accept the nonmoving party's evidence as true. *Anderson*, 477 U.S. at 255. A nonmoving party, however, must establish more than "the mere existence of a scintilla of evidence" in support of its position. *Id.* at 252. In addition, the nonmoving party may not rely solely on allegations or conclusory statements. *Greene v. Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999). Rather, the nonmoving party must present specific facts that would enable a reasonable jury to find in its favor. *Id.* at 675.

## III.  ANALYSIS

Under the doctrine of *res judicata*, also known as claim preclusion, "a judgment on the merits in a prior suit bars a second suit involving identical parties or their privies based on the same cause of action." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 327 n.5 (1979); *Apotex Inc. v. FDA*,

393 F.3d 210, 217 (D.C. Cir. 2004). "*Res judicata* plays a central role in advancing the 'purpose for which civil courts have been established, the conclusive resolution of disputes within their jurisdictions.'" *Id.* (quoting *Montana v. United States*, 440 U.S. 147, 153 (1979)). "As the Supreme Court has explained: 'To preclude parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions.'" *Id.* (quoting *Montana*, 440 U.S. at 153-54). In short, the doctrine embodies the principle "that a party who once has had a *chance* to litigate a claim before an appropriate tribunal usually ought not to have another chance to do so." *SBC Comms. Inc. v. FCC*, 407 F.3d 1223, 1229 (D.C. Cir. 2005) (quoting the Restatement (Second) of Judgments ch. 1 at 6 (1982)).

The D.C. Circuit has "embraced the Restatement (Second) of Judgments' pragmatic, transactional approach to determining what constitutes a cause of action" for *res judicata* purposes. *U.S. Indus. Inc. v. Blake Constr. Co.*, 765 F.2d 195, 205 (D.C. Cir. 1985). "In addressing the cause-of-action question, the Restatement speaks in terms of a transaction or series of transactions and gives 'weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.'" *Id.* (quoting the Restatement (Second) of Judgments § 23(2) (1982)). "The Restatement approach reflects a trend 'in the direction of requiring that a plaintiff present in one suit all the claims for relief that he may have arising out of the same transaction or occurrence.'" *Id.* (quoting 1B J. Moore, Moore's Federal Practice ¶ 0.410[1], at 359 (2d ed. 1983)). In sum, the four *res judicata* elements traditionally applied by this Court are: (1) an identity of parties; (2) a judgment from a court of competent jurisdiction; (3) a final judgment on the merits; and

(4) an identity of the cause of action. *See, e.g.*, *Am. Forest Research Council v. Shea*, 172 F. Supp. 2d 24, 29 (D.D.C. 2001); *see also U.S. Indus.*, 765 F.2d at 205.

*Res judicata* applies here. There is no dispute that the 2006 case was dismissed by a court of competent jurisdiction and that there is an "identity" of the cause of action. Ms. Mitchell, however, argues that there is no "identity of parties" — that Bannum Inc. and Bannum Place are not in privity. This contention is in error. "[P]rivity is a functional concept entailing mutual or successive relationships to the same right of property, or such an identification of interest of one person with another as to represent the same legal right." *Evans v. Chase Manhattan Mortgage Corp.*, No. 04-2185, 2007 WL 902306, at *8 (D.D.C. Mar. 23, 2007) (citing *Leslie v. LaPrade*, 726 A.2d 1228, 1231 (D.C. 1999)). Thus, when one party assigns rights or obligations to another, the parties are in privity with regard to such rights or obligations. *See e.g., R.G. Financial Corp. v. Vergara-Nunez*, 446 F.3d 178, 187 (1st Cir. 2006). Also, when one corporation owns another, they are in privity. *Hart Steel Co. v. Railroad Supply Co.*, 244 U.S. 294, 298 (1917). Here, Bannum Place is the assignee of Bannum Inc. under the BOP contract assignment. Bannum Place assumed the contract, agreeing to perform Bannum Inc.'s duties under the contract and to indemnify and hold Bannum Inc. harmless from any claim or demand made under the contract. *See Mitchell v. Bannum, Inc.*, Case No. 06-491, Def.'s Mot. for Summ. J. [Dkt. # 12], Ex. A. Further, Bannum Place and Bannum Inc. are closely-held private corporations with identical shareholders, Messrs. Rich, Lowry, and Rich. Accordingly, Bannum Place and Bannum Inc. are in privity.

Ms. Mitchell also erroneously claims that there was no final judgment on the merits in the 2006 case because the Court dismissed the case as conceded. Federal Rule of Civil Procedure 41 addresses involuntary dismissals, stating in pertinent part, " a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper

venue, or for failure to join a party under Rule 19, operates as an adjudication on the merits." Moreover, a dismissal is with prejudice, and thus operates as an adjudication on the merits, unless the district court's order states otherwise. *Proctor v. Millar Elevator Serv. Co.*, 8 F.3d 824, 825 (D.C. Cir. 1993); *accord Research Air, Inc. v. Norton*, No. 05-623, 2006 WL 508341, at * 7 (D.D.C. Mar. 1, 2006).

Ms. Mitchell argues that the dismissal of the 2006 case was not "on the merits" relying on *Hafezi v. Constr. & Dev., Inc.*, No. 04-2198, 2006 U.S. Dist. Lexis 19712, at * 28-29 (D.D.C. Apr. 14, 2006). In that case, Judge Kollar-Kotelly found that the D.C. Superior Court's granting of motion for summary judgment as unopposed was not a final judgment on the merits. Critically, Judge Kollar-Kotelly noted that there was no evidence that the defendant ever made an appearance or proffered an argument in the prior case. *Id*. This case is entirely distinguishable. Ms. Mitchell had a full and fair opportunity to litigate her claims in the 2006 lawsuit. She had many months to conduct discovery and to respond to Bannum Inc.'s motion for summary judgment. As a result, the Court's October 19, 2007, dismissal of *Mitchell v. Bannum, Inc.*, Case No. 06-491, constituted a final judgment on the merits. Ms. Mitchell is barred by *res judicata* from proceeding with the instant complaint.

### IV.  CONCLUSION

For the reasons stated above, Defendants' motion to dismiss or for summary judgment [Dkt. ## 3 & 5] will be granted and the case will be dismissed. A memorializing order accompanies this Memorandum Opinion.

Date: January 31, 2008                                   /s/
                                                         ROSEMARY M. COLLYER
                                                         United States District Judge